613 So.2d 1007 (1992)
Linda M. LaFEVER
v.
Frank WHITELY, III.
No. CA 91 1102.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
Donnie L. Floyd, Baton Rouge, for plaintiff-appellee Linda M. LaFever.
Ann Sico, Atty., New Orleans, for Frank Whiteley, III, Defendant/third-party plaintiff.
Thomas M. Richard, Metairie, for State Farm Fire & Cas. Co., third-party defendants.
Before WATKINS, CARTER and FOIL, JJ.
FOIL, Judge.
Defendant, Frank Whiteley, III,[1] appeals a summary judgment in favor of third party defendant, State Farm Fire and Casualty Company (State Farm). The issue is whether defendant is covered under a State Farm homeowners policy for the claims of *1008 plaintiff, Linda M. LaFever. We affirm the summary judgment.

FACTS
According to plaintiff's petition, on September 4, 1988, she was working as a waitress at Godfather's Pizza Restaurant in Baton Rouge, Louisiana. Defendant entered the premises at about 8:30 p.m. and ordered a pitcher of beer. After plaintiff served him the pitcher, defendant loudly complained about the amount of foam on the beer. An argument ensued, during which defendant allegedly threw salad bar items at plaintiff, hit her on the side of the head with a crock pot of salad dressing and struck her with his fist. Plaintiff alleges that defendant was arrested several days later for aggravated battery and criminal damage to property. She subsequently filed suit for her personal injuries, as well as punitive damages caused by defendant's intentional tort.
In his answer to plaintiff's petition, defendant denies striking plaintiff. He alleges that while he was still in the restaurant, plaintiff swung her fist at him. In self-defense, and because he had been asked to leave, he voluntarily exited the premises. He was walking to his car when plaintiff suddenly jumped on his back. Defendant claims he used only as much force as was reasonably necessary to remove plaintiff from his back.
Mr. Whiteley subsequently filed a third party demand against State Farm, his parents' homeowners insurer, after State Farm denied coverage and refused to provide him with a defense. State Farm filed an answer denying that coverage applies to the claims asserted by Ms. LaFever. State Farm contends that plaintiff's claims did not arise out of an "occurrence" as defined in the policy, and/or that her injuries are excluded from coverage because they are "the result of willful and malicious acts of an insured." Mr. Whiteley and State Farm later filed cross motions for summary judgment on the issue of whether Mr. Whiteley was entitled to a defense and coverage from State Farm. Two days before the hearing on the motions, plaintiff amended her petition to allege that defendant "negligently inflicted severe injuries on her."
After a hearing, the trial court granted State Farm's motion for summary judgment and denied Mr. Whiteley's motion, dismissing the third party demand against State Farm. In oral reasons for judgment, the court stated that the homeowners policy excluded the willful and malicious acts of an insured. The court found that this case did not involve an accident, but a fight consisting of willful acts by the participants. As such, the policy does not cover the injuries resulting therefrom.
After filing a motion for new trial, which was denied, Mr. Whiteley filed the instant appeal. He urges five assignments of error regarding the issue of defense and coverage under the State Farm policy.

COVERAGE AND THE DUTY TO DEFEND
By means of a third party demand filed against State Farm, Mr. Whiteley claimed entitlement to a defense and indemnification for any judgment on the main demand. It is well settled that an insurer's obligation to defend suits against its insured is broader than its liability for damage claims. This duty to defend is determined by the allegations of the petition, and the insurer is obligated to furnish a defense unless the petition unambiguously excludes coverage. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969); Hallar Enterprises, Inc. v. Hartman, 583 So.2d 883 (La.App. 1st Cir.1991). Thus, assuming all of the allegations of the petition to be true, if there would be both coverage under the policy and liability to plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Also, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the insurer's duty to defend the suit brought against its insured. American Home Assurance Company v. Czarniecki, 230 So.2d at 259; Hallar Enterprises, Inc. v. Hartman, 583 So.2d at 888.
*1009 Ms. LaFever's original petition for damages against Mr. Whiteley enumerates the sequence of events which occurred at the restaurant, as noted previously in this opinion. Additionally, she alleges that she suffered numerous personal injuries "as a result of defendant's violent, unprovoked, and outrageous attack" committed on her without her consent. She contends that she is "entitled to punitive damages caused by defendant's violent and outrageous aggravated battery on her which constitutes an intentional tort."
Ms. LaFever's amending petition added two alternative paragraphs which claim that: 1) defendant did intentionally commit violent acts upon her, without her consent, and while conscious of the risk of harm to her negligently inflicted severe injuries on her; and 2) defendant, by his intentional acts of violence upon her, did negligently inflict injuries more severe than contemplated.
The State Farm policy provides a defense and indemnity to an insured from a suit for damages because of bodily injury or property damage, to which coverage applies, caused by an "occurrence." "Occurrence" is defined in the policy as "an accident." The policy further provides that liability coverage and the obligation to defend a claim do not apply to bodily injury or property damage "to any person or property which is the result of willful and malicious acts of an insured." The trial court found that neither the original nor amending petitions contained allegations which would make this a suit based upon an accident and resulting injuries. The court stated that this case does not involve an accident, but concerns a fight between two people which consisted of willful and malicious acts committed by the parties involved. Such acts of an insured were clearly excluded from coverage under the wording of the policy.
We agree with the conclusions of the trial court. While plaintiff's amending petition seeks to hold Whiteley liable for "negligently" inflicting serious injuries upon her, it remains clear that plaintiff's injuries are alleged to have been caused by the "intentional acts of violence" committed upon her by defendant. The mere addition of the word "negligently" to the allegations of her petition does not change the facts alleged therein, which, if accepted as true, clearly establish that her injuries are the result of "willful and malicious acts" committed by Mr. Whiteley. Accordingly, State Farm had no duty to defend Mr. Whiteley because coverage was unambiguously excluded by the allegations of plaintiff's original and amending petition.
Summary judgment is not a substitute for trial and is properly granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966.
We conclude that the trial court properly granted summary judgment in favor of State Farm as a matter of law. Under the allegations of plaintiff's original and amending petitions and the terms of the policy, which are clear and unambiguous, there is no factual issue to be resolved. We affirm the trial court judgment dismissing defendant's third party demand against State Farm.
AFFIRMED.
NOTES
[1] Defendant's name is spelled "Whitely" in the petition and answer, but "Whiteley" in briefs to this court. We shall use the latter spelling throughout this opinion.