# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2020

Lyle W. Cayce
Clerk

No. 19-30863
Summary Calendar

GILCHRIST CONSTRUCTION COMPANY, L.L.C.,

Plaintiff - Appellant

v.

TRAVELERS INDEMNITY COMPANY; ARCH INSURANCE COMPANY,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-925

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Gilchrist Construction Company, LLC ("Gilchrist") appeals the dismissal of its breach of contract claims and declaratory judgment action against its insurers, Arch Insurance Company ("Arch") and Travelers

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30863

Indemnity Company ("Travelers") (collectively, "insurers").[1] We affirm, for essentially the reasons expressed by the district court.

Gilchrist contracted with two individuals to remove dirt from their property for use in a nearby road construction project and to store debris-laden dirt and other materials on their property. Under the contract, Gilchrist agreed to "leave a clean, nicely shaped dirt pile to the [property owners'] satisfaction when all activities are complete." After completion of the project, those property owners filed suit against Gilchrist in Louisiana state court, alleging that Gilchrist "intentionally and maliciously buried rubble/debris in and around [their] property" and "underpaid [them] for the dirt it excavated," bringing claims for breach of contract and bad faith breach of contract ("the underlying action").

After a jury found in favor of the property owners in the underlying action, awarding them $5,559,000 in damages, Gilchrist filed the instant action against its insurers, bringing a breach of contract claim and seeking a declaratory judgment with respect to the insurers' duties to defend and indemnify it in the underlying action.

The commercial general liability policies issued to Gilchrist by both Arch and Travelers cover claims for "property damage" arising from an "occurrence." Both the Arch and Travelers policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Neither policy contains a definition of "accident."

The district court correctly concluded that neither insurer owes Gilchrist defense or indemnity with respect to the underlying action because none of the

---

[1] The district court ruled on Gilchrist's claims against Travelers and Arch in separate opinions for essentially the same reasons. Gilchrist's failure to distinguish between the insurers in its briefing does not affect our analysis.

No. 19-30863

intentional and malicious behavior alleged therein was an accident and thus does not constitute an occurrence.[2]

Black's Law Dictionary defines "accident" as "an unintended and unforeseen injurious occurrence; something that does not occur in the usual course of events or that cou[ld] not be reasonably anticipated."[3] We have stated, in the context of Louisiana insurance policies, that "when the word 'occurrence' is defined as an 'accident,' the occurrence of an unforeseen and unexpected loss constitutes an 'accident' and therefore an 'occurrence.'"[4] Louisiana jurisprudence holds "that an event is caused by accident if [it is] unusual an unexpected *from the viewpoint of the person to whom it happens*."[5]

The acts alleged in the underlying action here are intentional and not accidental. They are not the sort of unexpected incident the policies cover. Gilchrist's argument that the property owners did not expect or anticipate the property damage alleged in the underlying action because they expected the land to be left in a suitable condition, as the contract required, is unavailing. The fact that the parties expressly bargained for Gilchrist to "leave a clean, nicely shaped dirt pile to the [property owners'] satisfaction when all activities are complete" does not result in the violation of that contractual provision

---

[2] The district court did not reach the insurers' alternative arguments that: (1) exclusions in the policies preclude coverage or (2) the policies did not provide coverage because Gilchrist had knowledge of the property damage before the policies began.

[3] *Accident*, BLACK'S LAW DICTIONARY (9th ed. 2009).

[4] *Freeport-McMoRan Energy v. Mullen*, 233 F. App'x 341, 345 (5th Cir. 2007) (per curiam) (quoting *N. Am. Treatment Sys., Inc. v. Scottsdale Ins. Co.*, 943 So.2d 429, 444 (La. App. 1st Cir. 2006)).

[5] *Gray v. State*, 191 So.2d 802, 816 (La. App. 3d Cir. 1966) (emphasis added).

No. 19-30863

being unforeseeable or unexpected and therefore included in coverage.[6]

AFFIRMED.[7]

---

[6] *See Longleaf Investments, L.L.C. v. Cypress Black Bayou Recreation and Water Conservation Dist.*, 162 So.3d 479, 484 (La. App. 2d Cir. 2015), (concluding that insurer owed no duty to defend underlying action by landowner against insured alleging that insured intentionally breached contract with landowner because breach by insured was neither an accident nor an occurrence).

[7] The fact that the original petition in the underlying action included an allegation of continuing trespass as a result of the continued presence of the debris does not change our analysis. The substance of the allegations in both the original petition and the amended petition, which removes any trespass claim, makes clear that the property owners seek recourse for property damage they allege arose out of Gilchrist's intentional acts. *See LaFever v. Whitely*, 613 So.2d 1007, 1009 (La. App. 1st Cir. 1992) (finding no duty to defend because no accident or occurrence when "the mere addition of the word 'negligently' to the allegations of [the amended] petition [did] not change the facts alleged therein, which, if accepted as true, clearly establish that her injuries are the result of 'willful and malicious acts'").